# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

UNITED STATES OF AMERICA

VS.                                                  CASE NO. 5:19-cr-66-JA-PRL

CHRISTOPHER LOUIS
HOOKER

---

## ORDER

Defendant Hooker moves the Court for compassionate release. (Doc. 178). The Government opposes Defendant's motion. (Doc. 180). Because Defendant failed to exhaust his administrative remedies, his motion is due to be denied.

Defendant pled guilty to interference with commerce by robbery in violation of 18 U.S.C. §1951(a) and 2. (Docs. 112, 113, 114, 121). On July 24, 2020, he was sentenced to forty-one months' imprisonment followed by three years of supervised release. (Docs. 165, 167). Prior to this conviction, Defendant had been convicted for possession of 20 grams of cannabis and possession of drug paraphernalia and for an expired tag. (Doc. 157 at 14). In this case, at the age of 24, Defendant drove three co-defendants to a Rural King Supply store in Zephyrhills, Florida and waited in the car while the other three broke into the store after hours, smashed gun and ammunition glass display cases, stole firearms and then returned to the car with stolen firearms. When the other three returned to the car, Defendant drove the car off at a high speed until he

was stopped by a Zephyrhills police officer. When Defendant's co-defendants broke into the Zephyrhills Rural King store, there were employees inside working who fled and hid in fear. (Docs. 112 at 20-24; Doc. 152). Defendant is now 26 years old with a projected release date of July 14, 2022.

## I.     LEGAL FRAMEWORK FOR REDUCTION IN SENTENCE

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2020). Congress granted the courts limited authority to modify a sentence in 18 U.S.C. § 3582(c):

> **(c) Modification of an imposed term of imprisonment.-**
> -The court may not modify a term of imprisonment once it
> has been imposed except that--
> **(1)** in any case--
> **(A)** the court, upon motion of the Director of the Bureau of
> Prisons, **or upon motion of the defendant after the**
> **defendant has fully exhausted all administrative**
> **rights to appeal a failure of the Bureau of Prisons to**
> **bring a motion on the defendant's behalf or the lapse**
> **of 30 days from the receipt of such a request by the**
> **warden of the defendant's facility,** whichever is earlier,
> may reduce the term of imprisonment (and may impose a
> term of probation or supervised release with or without
> conditions that does not exceed the unserved portion of the
> original term of imprisonment), after considering the factors
> set forth in section 3553(a) to the extent that they are
> applicable, if it finds that--
> **(i)** extraordinary and compelling reasons warrant such a
> reduction; or
> **(ii)** the defendant is at least 70 years of age, has served at
> least 30 years in prison, pursuant to a sentence imposed
> under section 3559(c), for the offense or offenses for which
> the defendant is currently imprisoned, and a determination

has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(Emphasis added).

## II.   DEFENDANT FAILED TO EXHAUST HIS ADMINSTRATIVE REMEDIES

The Court must first determine if Defendant exhausted his administrative remedies as failure to do so is fatal to his request. *United States v. Raia*, 954 F. 3d 594, 597 (3d Cir. 2020). ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance.") *see also United States v. Estrada Elias*, No. 6: 06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019); *accord United States v. Elgin*, Case No. 2:14-cr-129- JVB-JEM, 2019 U.S. Dist. LEXIS 86571, *2–3 (N.D. Ind. May 23, 2019); *cf. United States v. Leverette*, 721 F. App'x 916, 917 (11th Cir. 2018) (exhaustion of BOP remedies is requisite for judicial review under 28 U.S.C. § 2241). Defendant bears the burden of establishing that a reduction in sentence is warranted. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

Defendant asserts he submitted a request to FCI Fort Dix for compassionate release, did not receive a response within thirty days, and thus

3

exhausted his administrative remedies. (Doc. 178). Defendant does not provide a copy of his request or any other evidence to support his claim. The Government, on the other hand, provides a copy of the administrative remedies log of Fort Dix. (Doc. 180-3). This log shows no entry of any kind—specifically, there is no record of any request for compassionate release from Defendant to the warden. With no evidence to support his claim, Defendant fails to carry his burden and has not shown that he exhausted his administrative remedies. Therefore, Defendant's request is fatally flawed and the Court need not address any other argument.[1]

## III.   CONCLUSION

Defendant's Motion for Compassionate Release (Doc. 178) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on February *12*, 2021.

JOHN ANTOON II
United States District Judge

---

[1] The Court, however, feels compelled to address Defendant's claims that he suffers from asthma, kidney function issues, and hypertension. (Doc. 178). Defendant again provides no support for these claims. The Government, however, does. The medical records supplied by the Government dispute this assertion. (Doc. 180-4). There is nothing in the medical records reflecting any of these inflictions. Indeed, the records reveal Defendant has normal blood pressure, not hypertension. And when Defendant's Presentence Investigation Report was prepared less than a year ago on April 7, 2020, as to medical conditions, Defendant reported only that he had had seizures but those ended in 2015. (Doc. 152 at 14).

Copies furnished to:
United States Attorney
United States Probation Office
Christopher Louis Hooker